UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Wayne Sheppard *a/k/a Anthony W. Sheppard*, | ) C/A No. 4:17-1877-CMC-TER ) ) |
| Plaintiff, | ) |
| vs. | ) ORDER ) |
| Commissioner of Social Security Administration, | ) ) ) |
| Defendant. | ) ) |

This is an appeal from a denial of social security benefits filed by a pro se litigant. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Plaintiff's motion for leave to proceed *in forma pauperis* was granted by prior order of this court. (ECF No. 10). Plaintiff's case was authorized for service on August 8, 2017. (ECF No. 22). The summonses returned executed and the answer was due December 13, 2017. (ECF No. 27-29). The Commissioner filed the record and answer with the court timely on December 13, 2017. (ECF No. 31-33). Plaintiff has sent a letter stating that he has won his lawsuit by default and demands the relief he was requested. (ECF No. 35). Plaintiff has also filed letters in a closed case, No. 4:17-cv-00724-CMC-TER(closed March 2017). At the time of filing of Plaintiff's closed case, Plaintiff had not exhausted his administrative remedies with the Appeals Council. The district judge in the closed case dismissed the complaint without prejudice so Plaintiff could pursue his administrative remedies. The district judge in a second order in the closed case noted the government was not in default on the closed case because the case had been dismissed.

Plaintiff has one, active ongoing social security appeal case, No. 4:17-1877-CMC-TER. Defendant has answered, and Plaintiff's time to file a brief is currently running. Plaintiff was informed of this filing requirement in the undersigned's order dated August 7, 2017. (ECF No. 22). Again, Plaintiff's filing obligations are set forth below:

**Under Local Civil Rule 83.VII.04 (D.S.C.), within 30 days after Defendant files an answer to the Complaint, Plaintiff shall file in the Clerk of Court's Office a written brief setting out his arguments in support of his claim that Social Security benefits were improperly denied to him**. Plaintiff's due date is January 12, 2018, with an additional three days only if Plaintiff was served by mail.

Defendant has 40 days to file a responsive brief after service of Plaintiff's brief. See Local Civ. Rule 83.VII.05 (D.S.C.). **Plaintiff may file a reply brief within 14 days of being served with Defendant's responsive brief.**

**Plaintiff's brief shall contain the following items, under the appropriate headings and in the order here indicated:**

(a) A statement of the issues presented for review, set forth in separately numbered paragraphs.

(b) A statement of the case. This statement should briefly indicate the course of the proceeding and its disposition at the administrative level and should set forth a general statement of the facts. The statement of the facts shall include plaintiff's age, education, work experience, if relevant, and a summary of other evidence of record. Each statement of fact shall be supported by reference to the page in the record where the evidence may be found.

(c) An argument. The argument may be preceded by a summary. The argument shall be divided into sections separately addressing each issue and must set forth plaintiff's contentions with respect to the issues presented and reasons therefore. Each contention must be supported by specific reference to the portion of the record relied upon and by citations to statutes, regulations, and cases supporting plaintiff's position. Cases from other districts and circuits should be cited only in conjunction with relevant cases from this jurisdiction or if authority on point from this jurisdiction does not exist.

(d) **A short conclusion stating the relief sought. The issues before the court are limited to the issues properly raised in the briefs**.

## NOTIFICATION OF THE CONSEQUENCES OF FAILING TO FILE A BRIEF AS REQUIRED BY PARAGRAPHS (a)-(d) ABOVE

A party's brief may be its only opportunity to set forth arguments that entitle the party to a judgment in its favor. The failure to file a brief by either party may result in the consideration of the record without the benefit of the party's arguments. In the event a plaintiff fails to submit a brief, the defendant may file a motion to dismiss for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), and the action may be dismissed with prejudice on the basis of the plaintiff's failure to file a brief.

IT IS SO ORDERED.

December 18, 2017
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge