# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Anthony Wayne Sheppard, ) | C/A No. 4:17-1877-CMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Nancy A. Berryhill, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Through this action, Plaintiff sought judicial review of the decision of the Administrative Law Judge ("ALJ") denying Plaintiff's application for disability insurance benefits and supplemental security income. ECF No. 1. The Magistrate Judge filed a Report and Recommendation on August 30, 2018, recommending the Commissioner's decision be affirmed. ECF No. 48. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff did not file objections within the allowed time. On September 24, 2018, this court adopted the Report and affirmed the decision of the Commissioner. ECF No. 53.

Plaintiff called the Clerk's Office on October 1, 2018, regarding his final order, stating "he could not understand why his case was dismissed because he said he had gotten his appeal in." ECF No. 56. On October 10, 2018, Plaintiff filed a two-page document with the court, purporting to be a "complaint . . . for reconsideration on my objections." ECF No. 57. Plaintiff contends Social Security Administration "have lies on me and they have proof of my disability and have turn me down wrongfully once again." *Id.* He claims he spoke to an unknown person [filing is

illegible] and "they said it was sent to you on Sept 2nd and could have been lost in the mail." *Id.* Therefore, he states, he is "once again objecting to all the statements said about and the lies I demand that my demands be meet immediately I am asking for 8,000,000 in mental [illegible] that they have caused and that 1250000 be added for there lies." *Id.* (errors in original).

It appears Plaintiff may be confused regarding his apparently multiple ongoing cases. He referred to Ricci Law Firm in his letter, but is not represented in this case. It appears he may believe a document was submitted on September 2, but may be unclear as to which case or application in which it was submitted, as the Report was entered on August 30, 2018, and it is extremely unlikely a response could have been sent on September 2 when one was not due until September 13 (in addition, September 2, 2018 was a Sunday).

Further, Plaintiff's general objections "to all the statements" and "the lies" are insufficient to act as specific objections to the Magistrate Judge's recommendations. To the extent they are construed as objections to the Report, they are overruled as general and conclusory. To the extent Plaintiff intended this filing as a motion for reconsideration, he raises no grounds appropriate for reconsideration. *See Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (Rule 59(e) allows the court to alter or amend an earlier judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."). Therefore, Plaintiff's filing, construed as a motion for reconsideration, is denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
October 24, 2018